UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
DIANE S. FORTUNE,

                            Plaintiff,

        -against-

GROUP LONG TERM DISABILITY PLAN FOR
EMPLOYEES OF KEYSPAN CORPORATION,
HARTFORD LIFE INSURANCE COMPANY,
OXFORD HEALTH PLANS, METROPOLITAN
LIFE INSURANCE COMPANY,

                         Defendants.
---------------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
08-CV-1017 (ADS)(ETB)

**APPEARANCES:**

**The ERISA Law Group**
Attorneys for Plaintiff
2055 San Joaquin Street
Fresno, CA 93721
      By: Thornton L. Davidson, Esq., Of Counsel

**Sedgwick, Detert, Moran & Arnold LLP**
Attorneys for Defendants Group Long Term Disability Plan for Employees of Keyspan
Corporation and Hartford Life Insurance Company
125 Broad Street, 39th Floor
New York, NY 10004-2400
      By:  Michael H. Bernstein, Esq.
          John Thomas Seybert, Esq., Of Counsel

**SPATT, District Judge**.

      The underlying facts and procedural history of this case have been set forth in detail in

the Court's prior decisions.  See Fortune v. Group Long Term Disability Plan for Employees of

Keyspan Corp., et al., No. 08-CV-1017, 2009 WL 2207734 (E.D.N.Y. July 25, 2009); Fortune v.

1

Group Long Term Disability Plan for Employees of Keyspan Corp., et al., 588 F. Supp.2d 339 (E.D.N.Y. 2008). The Court presumes the parties' familiarity with these decisions and will provide only a brief review of those facts essential to the instant motion.

On March 11, 2008, Diane Fortune ("Fortune") brought an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., alleging that she was wrongfully denied disability benefits by Hartford Life Insurance Company ("Hartford") under the terms of a long-term disability plan funded by her former employer, Keyspan Corporation. On May 27, 2008, Hartford filed a counterclaim to recover an overpayment arising out of a retroactive award of benefits to Fortune by the Commissioner of Social Security.

In an order dated July 25, 2009, the Court granted Hartford's motion for summary judgment dismissing the complaint, finding that Hartford's decision to deny Fortune's claim for long-term disability benefits was supported by substantial evidence in the administrative record. Fortune, No. 08-CV-1017, 2009 WL 2207734, at *11. The Court also determined that Hartford was entitled to summary judgment on its counterclaim. Id. In particular, the Court found that, in light of her retroactive award from the Social Security Administration ("SSA"), Fortune owed Hartford $63,108.43 in overpayments under the terms of the parties' contract. Id.

The Court did not enter a final order resolving Hartford's counterclaim because Fortune contended that she was entitled to offset the $63,108.43 owed to Hartford by $5,300, the amount she incurred in attorneys' fees while seeking an award from the SSA. Id. at *12. Finding that the parties' contract gave Fortune a right to such an offset, the Court gave her 10 days from the July 25th order to provide documentation of the attorneys' fees expended. Id. On August 5, 2009, Fortune submitted the "Expedited Fee Agreement," that she entered into with Binder and

Binder, the law firm that apparently represented her before the SSA.  After reviewing the fee agreement, the Court determined that Fortune was entitled to offset the amount owed to Hartford by $5,300.  On August 10, 2009, the Court ordered that a judgment be entered on Hartford's counterclaim in the net amount of $57,808.43.

On August 19, 2009, Fortune filed a motion to correct the August 10, 2009 order pursuant to Fed. R. Civ. P. 60(a) on the grounds that: (1) the order "did not address Fortune's principal claim, at all"; and (2) the Court awarded damages to Hartford on its counterclaim "when the complaint sought only equitable relief of restitution and as a matter of law damages are unavailable."

**A.  Standard - Fed R. Civ. P. 60(a)**

Fed. R. Civ. P. 60(a) provides, in pertinent part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  "The general purpose of Rule 60(a) is to afford courts a means of modifying their judgments in order to ensure that the record reflects the actual intentions of the court."  Highland Capital Mgt, L.P. v. Schneider, 02-CV-8098, 2008 WL 3884363, at *14 (S.D.N.Y.  Aug. 20, 2008).  Thus, "[a] motion under Rule 60(a) is available only to correct a judgment for the purpose of reflecting accurately a decision that the court actually made."  Hodge v. Hodge, 269 F.3d 155, 158 (2d Cir. 2001) (internal quotation marks and citation omitted)).

**B.  Fortune's Motion**

In the July 25, 2009 order, the Court, in no uncertain terms, dismissed Fortune's complaint.  See Fortune, No. 08-CV-1017, 2009 WL 2207734, at *12 ("Based on the foregoing,

3

Hartford's motion for summary judgment *dismissing the complaint* is granted.") (emphasis added). In the same order, the Court also granted Hartford's motion for summary judgment on its counterclaim. Id. at *11-12. However, in light of the Plan's offset provision and because Fortune's counsel failed to submit evidence of the amount his client expended on attorneys' fees in seeking an award from the SSA, the Court gave Fortune ten days to offer such documentation before issuing an order resolving Hartford's counterclaim. See Id. at *12 ("Once the Plaintiff provides the Court with the relevant documentation, the Court will enter an appropriate Order resolving Hartford's counterclaim."). After the Court received documentation regarding the attorneys' fees, the Court issued the August 10, 2009 order, directing that judgment be entered in favor of Hartford on its counterclaim.

Fortune now appears to argue that the August 10, 2009 order must be corrected because it did not reiterate that the Court was dismissing her complaint. This argument is frivolous. The Court's July 25, 2009 order clearly dismissed Fortune's complaint. Fortune, No. 08-CV-1017, 2009 WL 2207734, at *12. The Court's August 10, 2009 order addressed Hartford's counterclaim and did not require the Court to repeat that her complaint was dismissed.

Fortune's second argument—that the Court should not have awarded Hartford monetary damages on its counterclaim—is nothing more than an attempt to use Fed. R. Civ. P. 60(a) as a mechanism to relitigate this case. See Peyser v. Searle Blatt & Co., Ltd., No. 99-CV-10785, 2003 WL 1610772, at * 1 (S.D.N.Y. Mar. 24, 2003) (quoting Employers Mut. Cas. Co. v. Key Pharms., Inc., 886 F. Supp. 360, 363 (S.D.N.Y. 1995)) (noting that Rule 60(a) does not permit parties to relitigate matters already decided in a case). The August 10, 2009 order accurately reflects the Court's intended resolution of Hartford's counterclaim. If Fortune feels aggrieved by

the Court's prior decisions, she has the usual recourse: to file an appeal.  Accordingly, Fortune's motion for relief from the Court's August 10, 2009 judgment is denied.

### III. CONCLUSION

Fortune's motion for relief from the Court's August 10, 2009 judgment is **DENIED**.

**SO ORDERED.**

Dated: Central Islip, New York
September 12, 2009

 */s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge
